IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERIKING INC., et al. | ) | Case No. 02-13515 (JWV) |
| | ) | Objection Deadline: June 23, 2003 @ 4:00 p.m. |
| | ) | Hrg. Date: To be scheduled by the Debtors |
| Debtors. | ) | |

## NOTICE OF APPLICATION

TO: U.S. Trustee; Debtors, Counsel to the Debtors, and Counsel to the Debtors' Secured Lenders.

Otterbourg, Steindler, Houston & Rosen, P.C., counsel to the Official Committee of Unsecured Creditors, (hereinafter referred to as "Applicant") has filed its **Fifth Interim Application for Services Rendered and Reimbursement of Expenses as Attorneys for The Official Committee of Unsecured Creditors for the Period April 1, 2003 Through April 30, 2003** (the "Application").

You are required to file a response to the attached Application on or before **June 23, 2003 at 4:00 p.m Eastern Standard Time.**

At the same time, you must also serve a copy of the response upon counsel to the Official Committee of Unsecured Creditors:

PEPPER HAMILTON LLP
David B. Stratton, Esq.
Aaron A. Garber, Esq.
1201 Market Street, Suite 1600
P.O. Box 1709
Wilmington, Delaware 19899-1709

OTTERBOURG, STEINDLER, HOUSTON
& ROSEN
Brett H. Miller, Esq.
230 Park Avenue
New York, New York 10169

A HEARING ON THE APPLICATION WILL BE SCHEDULED at the Court's convenience before the Honorable Jerry W. Venters, Courtroom 2B, 844 King Street, J. Caleb Boggs Federal Courthouse, Wilmington, Delaware 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 3, 2003

[signature]
David B. Stratton (DE No. 960)
Aaron A. Garber (DE No. 3837)
PEPPER HAMILTON LLP
1201 Market Street, Suite 1600
Wilmington, Delaware 19801
(302) 777-6500

and

Brett H. Miller, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue, 29th Floor
New York, New York 10169
(212) 661-9100

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------X

In re:                                                    Chapter 11

AmeriKing, Inc., et al.,                                  Case No. 02-13515 (JWV)

                Debtors.
                                                          Jointly Administered

------------------------------X

## FIFTH INTERIM APPLICATION OF
## OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS ATTORNEYS
## FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FOR THE PERIOD FROM APRIL 1, 2003 THROUGH APRIL 30, 2003

Name of Applicant:                          Otterbourg, Steindler, Houston & Rosen, P.C.

Authorized to Provide Services to:          Official Committee of Unsecured Creditors

Date of Retention:                          December 12, 2002

Period for which Compensation/
Reimbursement is Sought:                    April 1, 2003 through April 30, 2003

Compensation Sought as Actual,
Reasonable and Necessary:                   $36,266.50[1]

Expense Reimbursement Sought as             $842.43
Actual, Reasonable and Necessary:

This is an: _X_ interim ___ final application
The total time expended for fee application preparation and the corresponding compensation requested will be addressed on the next interim fee application.

Prior Fee Applications Filed by Applicant:  Four

---

[1] Pursuant to the Compensation Procedures Order (as defined in the Application), Applicant, in the absence of any objection, will be entitled to an interim award representing 80% of fees incurred, during the period, in the amount of $29,013.20.

## PRIOR APPLICATIONS FILED BY APPLICANT

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| February 5, 2003 | December 12, 2002 - December 31, 2003 | $34,742.00 | $40.60 | $27,794.60 | $40.60 |
| March 12, 2003 | January 1, 2003 - January 31, 2003 | $43,013.50 | $1,266.84 | $34,410.80 | $1,266.84 |
| April 8, 2003 | February 1, 2003 - February 28, 2003 | $12,293.50 | $2,073.71 | $11,908.51 | $2,073.71 |
| April 30, 2003 | March 1, 2003- March 31, 2003 | $14,865.50 | $727.06 | | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------X

In re:                                          Chapter 11

AmeriKing, Inc., et al.,                        Case No. 02-13515 (JWV)

          Debtors.
                                Jointly Administered

------------------------------X

**FIFTH INTERIM APPLICATION OF
OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS ATTORNEYS
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM APRIL 1, 2003 THROUGH APRIL 30, 2003**

TO:   THE HONORABLE JERRY W. VENTERS
       UNITED STATES BANKRUPTCY JUDGE

      The Application ("Application") of Otterbourg, Steindler, Houston & Rosen, P.C., ("Applicant"), attorneys for the Official Committee of Unsecured Creditors ("Committee") of AmeriKing, Inc., et al., (collectively, the "Debtors"), respectfully represents and alleges:

## I. INTRODUCTION

      1.    Applicant, as attorneys for the Committee, makes this fifth Application for payment of professional services rendered and expenses incurred in its representation of the Committee as provided under Sections 330 and 331 of Title 11 of the United States Code ("Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

      2.    Applicant, for its fifth interim allowance, seeks an award of compensation in the amount of $36,266.50 for 113.8 hours of professional services rendered and reimbursement of

223796-1

disbursements actually and necessarily incurred in the amount of $842.43. These services were rendered, and disbursements recorded, from April 1, 2003 through April 30, 2003, both dates inclusive ("Fifth Interim Period")[1].

## II. **BACKGROUND**

3.  Applicant is a professional corporation of attorneys organized and existing under the laws of the State of New York. Its office is located at 230 Park Avenue, New York, New York 10169. Among Applicant's expertise is the representation of creditors, creditors' committees and trustees in all facets of insolvency related proceedings.

4.  On December 4, 2002 ("Petition Date") the Debtors filed voluntary petitions for reorganization under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5.  This Court has jurisdiction over this application pursuant to 28 U.S.C. Sections 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. Sections 1408 and 1409.

6.  The Debtors have represented, among other things, that as of the Petition Date: (a) the Debtors are the second largest independent Burger King Franchisees in the United States; (b) as

---

[1] Applicant reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the Fifth Interim Period which are not included herein.

of December 1, 2002, the Debtors operated 329 Burger King Corporation ("BKC") restaurants located primarily in the Midwest and Mid-Atlantic states, separated into 11 regions and including 6 convenience stores ("C-Stores"), which operate as a restaurant and sell beer, wine and liquor; and (c) the Debtors employed approximately 8,484 employees, including 7,441 hourly workers, 846 salaried restaurant managers, 70 office staff workers, 103 district managers, 10 regional directors and 14 executives.

7. On December 12, 2002, the United States Trustee for the District of Delaware appointed the five (5) member Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code. The Committee selected The Coca-Cola Company as its Chairperson, and State Street Bank and Trust Company, now know as U.S. Bank, N.A., as its Vice-Chairperson. Thereafter, the Committee selected Otterbourg, Steindler, Houston & Rosen, P.C. ("OSH&R") as lead counsel, Pepper Hamilton LLP ("Pepper") as local counsel, and Ernst & Young Corporate Finance LLC and Ernst & Young LLP as financial advisors to the Committee.

### III. PROFESSIONAL SERVICES RENDERED

8. In accordance with Local Rule 2016.2 and the Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals dated December 6, 2002 (the "Compensation Procedures Order"), and to assist the Court, the Debtors, the United States Trustee and other parties in interest in evaluating this Application for compensation, the primary services performed by Applicant during the Fifth Interim Period are summarized in the Summary attached hereto as Exhibit "B". The Summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant. Applicant's services throughout the Fifth Interim Period have enhanced the Committee's understanding of many issues critical to these cases. Furthermore, Applicant's efforts

have enabled the Committee to act in an informed, efficient manner and to actively participate in the cases and to significantly assist in the maximization of value to the estates.

9. In accordance with the Compensation Procedures Order and the Local Rules, a summary sheet of the attorneys and paraprofessionals and their corresponding initials, billing rates and the number of hours incurred by each is annexed hereto as Exhibit "C". The hourly rates reflect what Applicant generally charges its non-bankruptcy clients for similar services. A summary sheet which includes identification of services performed by the attorneys and paraprofessionals, categorized by Applicant into "project codes" in order to group related time entries in a certain subject area, is annexed hereto as Exhibit "D", together with Applicant's computerized time records.

10. In accordance with the Compensation Procedures Order and Local Rules, a computerized printout of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as counsel to the Committee, is annexed hereto as Exhibit "E".

11. Applicant has worked closely with the Debtors' counsel, the other case professionals and the Committee to avoid unnecessary duplication of services charged to the Debtors' estates.

## IV. CONCLUSION

12. Applicant has necessarily and properly expended 113.8 hours of services in performance of its duties as counsel to the Committee during the Fifth Interim Period. Applicant respectfully requests an interim fee allowance for professional services rendered in the amount of $36,266.50. Applicant has also necessarily incurred disbursements in the amount of $842.43 in the

have enabled the Committee to act in an informed, efficient manner and to actively participate in the cases and to significantly assist in the maximization of value to the estates.

9. In accordance with the Compensation Procedures Order and the Local Rules, a summary sheet of the attorneys and paraprofessionals and their corresponding initials, billing rates and the number of hours incurred by each is annexed hereto as Exhibit "C". The hourly rates reflect what Applicant generally charges its non-bankruptcy clients for similar services. A summary sheet which includes identification of services performed by the attorneys and paraprofessionals, categorized by Applicant into "project codes" in order to group related time entries in a certain subject area, is annexed hereto as Exhibit "D", together with Applicant's computerized time records.

10. In accordance with the Compensation Procedures Order and Local Rules, a computerized printout of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as counsel to the Committee, is annexed hereto as Exhibit "E".

11. Applicant has worked closely with the Debtors' counsel, the other case professionals and the Committee to avoid unnecessary duplication of services charged to the Debtors' estates.

## IV. CONCLUSION

12. Applicant has necessarily and properly expended 113.8 hours of services in performance of its duties as counsel to the Committee during the Fifth Interim Period. Applicant respectfully requests an interim fee allowance for professional services rendered in the amount of $36,266.50. Applicant has also necessarily incurred disbursements in the amount of $842.43 in the

performance of Applicant's duties to the Committee during the Fifth Interim Period. Applicant respectfully requests reimbursement of disbursements in the sum of $833.43.

13.  As stated in the Affidavit of Brett H. Miller, annexed hereto as Exhibit "A", Applicant has not agreed to share any compensation to be received herein with any other person.

WHEREFORE, Applicant respectfully requests a fifth interim award of compensation for professional services rendered as counsel to the Committee during the Fifth Interim Period in the sum of $36,266.50, together with reimbursement of disbursements in the amount of $842.43; and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 29, 2003

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

By: /s/ Brett H. Miller
    Brett H. Miller (BM4902)
A Member of the Firm
Attorneys for the Official
Committee of Unsecured
Creditors of AmeriKing, Inc., et al.
230 Park Avenue
New York, New York 10169
(212) 661-9100